**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1879**

WESTMORELAND COAL COMPANY, INCORPORATED,

                Petitioner,

        v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; JAMES E. SIZEMORE,

                Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(11-0544-BLA)

Submitted: August 20, 2013        Decided:  September 6, 2013

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Paul E. Frampton, BOWLES RICE LLP, Charleston, West Virginia,
for Petitioner.  Joseph E. Wolfe, Ryan C. Gilligan, WOLFE,
WILLIAMS, RUTHERFORD & REYNOLDS, Norton, Virginia, for
Respondent James E. Sizemore.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Westmoreland Coal Company ("Employer") petitions for review of the Benefits Review Board's ("Board") decision and order affirming the administrative law judge's ("ALJ") award of benefits to former employee James E. Sizemore under the Black Lung Benefits Act ("Act"), 30 U.S.C.A. §§ 901-945 (West 2007 & Supp. 2013). We deny the petition for review.

Employer does not dispute the ALJ's finding that Sizemore was entitled to the rebuttable fifteen-year presumption that he is totally disabled due to pneumoconiosis, which was resurrected by the Patient Protection and Affordable Care Act (PPACA), Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010).[*] An employer "may rebut such presumption only by establishing that (A) [the] miner does not . . . have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30

---

[*] Section 1556 of the PPACA, 124 Stat. at 260, amends the Act by restoring the "fifteen-year presumption" contained in Section 411(c)(4) of the Act, 30 U.S.C.A. § 921(c)(4). The presumption provides that if a miner has been employed in an underground coal mine for fifteen years or more, and if other evidence demonstrates that he has "a totally disabling respiratory or pulmonary impairment," he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis. 30 U.S.C.A. § 921(c)(4). The renewed fifteen-year presumption applies to claims filed under parts B and C of the Act after January 1, 2005, that are pending after the effective date of the PPACA, March 23, 2010. 124 Stat. at 260, § 1556(c).

2

U.S.C.A. § 921(c)(4); see 20 C.F.R. § 718.305(a) (2013); Morrison v. Tenn. Consol. Coal Co., 644 F.3d 473, 479-80 (6th Cir. 2011).

Employer contends that the ALJ erred in his decision to discredit its expert physicians' opinions, which were offered to rebut the fifteen-year presumption afforded to Sizemore. We review the BRB's and the ALJ's legal conclusions de novo and "independent[ly] review . . . the record to determine whether the ALJ's findings of fact were supported by substantial evidence." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (internal quotation marks omitted). Subject to the substantial evidence requirement, this Court defers to the ALJ's credibility determinations and "evaluation of the proper weight to accord conflicting medical opinions." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks omitted). The ALJ is not bound to accept any medical expert opinion but "must evaluate the evidence, weigh it, and draw his own conclusions," giving consideration to "the qualifications of the experts, the opinions' reasoning, their reliance on objectively determinable symptoms and established science, their detail of analysis, and their freedom from irrelevant distractions and prejudices." Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949, 951 (4th Cir. 1997), superseded on other grounds as stated

in Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Programs, 480 F.3d 278, 287 (4th Cir. 2007).

It is the ALJ's responsibility to make credibility determinations. Harman Mining, 678 F.3d at 310. In this case, the ALJ discredited Employers' physicians on the issue of whether Sizemore suffered from legal pneumoconiosis because their explanations for discounting his lengthy history in the coal mines as a cause of his emphysema were insufficient in light of the science underlying the preamble to the regulations implementing the Act. We have, in two recent cases, held that an ALJ is permitted to rely on this preamble to assess physicians' credibility. Westmoreland Coal Co. v. Cochran, 718 F.3d 319, 323-34 (4th Cir. 2013); Harman Mining, 678 F.3d at 314-15. Thus, we conclude that the ALJ did not err in consulting the preamble to discredit Employer's experts on the issue of legal pneumoconiosis. We also conclude that the ALJ did not transform the rebuttable presumption into an irrebuttable presumption by his reliance on the preamble.

Moreover, because the ALJ did not find Employer's physicians credible on the issue of legal pneumoconiosis, he could not credit their opinions on the causation of total disability absent "specific and persuasive reasons for concluding that the doctor[s'] judgment on the question of disability causation does not rest upon [their] disagreement

4

with the ALJ's finding . . . ." <u>Toler v. E. Assoc. Coal Co.</u>, 43 F.3d 109, 116 (4th Cir. 1995). Thus, we conclude that the ALJ did not err in finding that Employer failed to rebut the fifteen-year presumption afforded to Sizemore. <u>See</u> 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a).

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>